*K.K.*

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 2:23-mj-29 |
| 2008 Floral Avenue Columbus, OH 43223 | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____Southern_____ District of _____Ohio_____ *(identify the person or describe property to be searched and give its location)*: Property to be searched, 2008 Floral Ave., is a single family, single story residence, yellow in color with white trim, marked with "2008" on the front, as well as detached garage and curtilage. The residence is located on the north side of Floral Ave., between Belvidere Ave. and Lechner Ave., Columbus, OH 43223.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21/18__ U.S.C. § __841a/924c__ , and the application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____ # 4800
*Applicant's signature*

Jason R. Burns, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 18, 2023

_____

City and state: Columbus, Ohio

Kimberly A. Jolson
United States Magistrate Judge

***PROBABLE CAUSE AFFIDAVIT***
2008 Floral Ave., Columbus, OH 43223

I, **Jason R. Burns**, being duly sworn, depose and state that:

I am a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and have been so employed since September of 2005. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws pertaining to narcotics and firearms violations. This affidavit is intended to set forth probable cause in support of the search warrant and does not purport to set forth all of my knowledge regarding this investigation.

1. In September 2022, ATF Special Agent (S/A) Jason Burns had contact with ATF Confidential Informant # 26639 (CI) in regards to narcotics and firearms present at a previous known drug trafficking location in Columbus, OH (**Trap Location #1**). This location was being used by multiple individuals to traffic Fentanyl and Cocaine Base, commonly referred to as Crack. The ATF CI has provided information proven reliable to S/A Burns in previous ATF investigations.

2. The CI advised that on or about 9/10/22, the CI was present at **Trap Location #1** and was introduced to individuals there. The CI advised that the individuals there were in possession of a large amount of suspected Fentanyl and Crack. The CI advised that the CI observed multiple firearms inside the residence while drug dealing was occurring. The CI advised that the main dealer inside the residence was known to the CI as "King." The CI advised that "King" was a Male/Black, with multiple tattoo's, approx. late 30's to 40 years in age. The CI stated that "King" drove a gold in color Lexus SUV. The CI stated that the foot traffic came from the rear alley and entered the residence through the back door.

3. On or about September 14, 2022, S/A Burns spoke with Columbus Division of Police (CPD) Patrol Officers familiar with **Trap Location #1**. The Officers advised that the residence is a known "Trap House" used by several individuals. The Officers advised that a Lexus SUV, Ohio Tag: JVK-2355, parks in the backyard of the residence. The Officers stated that the foot traffic comes through the alley and enters the rear door of the residence. S/A Burns conducted an OHLEG search on the Lexus SUV, Ohio Tag: JVK-2355, and determined that the vehicle was a 2007 Lexus SUV, Taupe in color, registered to Gwendolyn L. MAGBIE of 821 Wedgewood Dr., Apt. 7, Columbus, OH.

4. In October 2022, S/A Burns received information from CPD Officers and ATF investigators that Kristol COOPER, also known as "King," was associated with several armed narcotics traffickers operating at **Trap Location #1**. Investigators also identified Bernard MCMILLON, aka "Philly," as an associate of COOPER who also traffics in narcotics. S/A Burns met with the CI in regards to "King." The CI identified COOPER as "King." The CI also identified MCMILLON as "Philly."

5. Kristol Winsworth COOPER is further described as a Male/Black, 6'4", 290 lbs., DOB: 5/27/1985, FBI #: 785922DC9. COOPER has multiple arrests for drugs and violent crimes,

1

including Breaking & Entering (Juv.), Agg. Robbery (Juv.), Possession of Drugs, Carrying Concealed Weapon, Domestic Violence, Felonious Assault, Resisting Arrest, Assault, Attempted Murder, and Having Weapons While Under Disability. COOPER has the following convictions from Franklin County Court of Common Pleas:

- Case #: 07-CR-4435 – Possession of Drugs, F-4 and Carry Concealed Weapon, F-4;
- Case #: 10-CR-1641 – Felonious Assault, F-2;
- Case #: 18-CR-0534 – Possession of Drugs, F-4;
- Case #: 18-CR-4057 – Felonious Assault, F-2 w/ Spec: RVO & Firearm; and
- Case #: 19-CR-5520 – Possession of Drugs, F-3.

Bernard Clark MCMILLON, aka "Philly," is further described as a Male/Black, 6'5", 260 lbs., DOB: 3/2/1992, FBI #: 213144TC9. MCMILLON has multiple arrests for firearms and violent crimes, including Agg. Robbery (Juv.), Burglary, RSP, Possession of Drugs, Robbery, Kidnapping, Felonious Assault, Agg. Trafficking in Drugs, Improper Handling Firearm, Carrying Concealed Weapon, Discharge a Firearm, Having Weapons While Under Disability, and Drug Possession. MCMILLON has the following convictions from Franklin County Court of Common Pleas:

- Case #: 12-CR-2458 – Weapon Under Disability, F-3;
- Case #: 19-CR-1082 – Weapon Under Disability w/ Use of Firearm Spec., F-3;
- Case #: 19-CR-5558 – Weapon Under Disability w/ Use of Firearm Spec., F-3; and
- Case #: 20-CR-0501 – Possession of Drugs, F-5.

6. On or about October 21, 2022, S/A Burns met with the CI regarding the purchase of narcotics from COOPER. The CI advised that COOPER was selling narcotics from a new location, a previous known drug trafficking location in Columbus, OH (**Trap Location #2**).

7. On this same date, ATF Surveillance units proceeded to **Trap Location #2** to conduct surveillance prior to the purchase of narcotics at this location by the CI. At approx. 1:46 PM, ATF Task Force Officers (TFO's) J. Wright and J. Kasza observed MCMILLON exit the front door of the building, along with an unknown Female/Black with long braids. MCMILLON was holding a handgun with an extended magazine in his right hand, and placed the firearm into his front pocket while standing on the sidewalk. MCMILLON stood on the sidewalk looking around while waiting on the unknown female to leave. TFO Kasza was able to capture a photograph of MCMILLON.

8. On this same date, ATF S/A Burns and S/A S. Messner equipped the CI with a wire transmitter/video recording device and provided the CI with an amount of pre-recorded Government funds. S/A Burns searched the CI and the CI's vehicle for contraband with negative results. S/A's Burns and Messner followed the CI, driving the CI's vehicle, to the area of **Trap Location #2**. At approx. 1:54 PM, TFO's Wright and Kasza observed the CI's vehicle arrive in the area. The CI walked to **Trap Location #2** and entered the entry door to the building, remained inside for approx. 5 minutes, and then returned to the CI's vehicle. The CI advised that the CI went to **Trap Location #2** and purchased an amount of suspected narcotics from COOPER and MCMILLON. The CI advised that COOPER and

2

MCMILLON provided the CI with the narcotics and the CI paid COOPER with the Government funds. The CI stated that the CI observed two (2) firearms on the table where the transaction occurred. S/A Burns took possession of the suspected narcotics, which the off-white rock substance field-tested positive for Cocaine. This transaction was video and audio recorded. S/A Burns watched and listened to the narcotics transaction between the CI and COOPER and MCMILLON. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI, and S/A Burns was able to identify COOPER and MCMILLON in the video. S/A Burns also observed that the door was barricaded with 2X4's in brackets as the CI exited **Trap Location #2**.

9. On or about November 1, 2022, S/A's Burns and Messner met with the CI, and equipped the CI with a wire transmitter/video recording device and provided the CI with an amount of pre-recorded Government funds. S/A's Burns and Messner drove the CI to the area of **Trap Location #2**. At approx. 2:30 PM, TFO H. Collins observed the CI enter the entry door to the building of **Trap Location #2**. The CI remained inside for approx. 19 minutes, and then returned to S/A Burns' ATF vehicle. S/A's Burns and Messner transported the CI away from the area. The CI advised that the CI went to **Trap Location #2** and purchased an amount of suspected narcotics from COOPER. The CI advised that COOPER provided the CI with the narcotics (suspected Fentanyl) and the CI paid COOPER with the Government funds. The CI stated that the CI observed a firearm on the table where the transaction occurred. S/A Burns took possession of the suspected narcotics. This transaction was video and audio recorded. S/A Burns watched and listened to the narcotics transaction between the CI and COOPER. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI, and S/A Burns was able to identify COOPER in the video. S/A Burns also observed that the door was barricaded with 2X4's in brackets as the CI exited **Trap Location #2**.

10. On or about November 29, 2022, S/A Burns met with the CI regarding the purchase of narcotics from COOPER. The CI advised that COOPER was selling narcotics from a new location, **2008 Floral Ave., Columbus, OH 43223 (TARGET LOCATION)**. The CI advised that COOPER instructed the CI to come to the rear door of the residence. The residence of 2008 Floral Ave. is a single family, single story residence, yellow in color with white trim, marked with "2008" on the front. The residence is located on the north side of Floral Ave., between Belvidere Ave. and Lechner Ave. The rear entrance to residence is through the alley, running east to west, north of the Floral Ave.

11. On this same date, S/A's Burns and S/A Messner equipped the CI with a wire transmitter/video recording device and provided the CI with an amount of pre-recorded Government funds. S/A Burns searched the CI's vehicle for contraband with negative results. S/A's Burns and Messner followed the CI, driving the CI's vehicle, to the area of 2008 Floral Ave., Columbus, OH 43223. At approx. 1:53 PM, TFO's Wright and Collins observed the CI's vehicle arrive in the alley north of Floral Ave., where the CI parked in the rear of the residence. The CI entered the residence at the rear door, remained inside for approx. 7 minutes, and then returned to the CI's vehicle. S/A's Burns and Messner followed the CI from the area and met with the CI. The CI advised that the CI went to 2008 Floral Ave., entered the rear door, and purchased an amount of suspected narcotics from COOPER.

The CI advised that COOPER provided the CI with the narcotics and the CI paid COOPER with the Government funds. The CI stated that multiple individuals were inside the residence, and that the CI observed a firearm on the table where the transaction occurred. S/A Burns took possession of the suspected narcotics, which the off-white rock substance field-tested positive for Cocaine. This transaction was video and audio recorded. S/A Burns watched and listened to the narcotics transaction between the CI and COOPER. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI, and S/A Burns was able to identify COOPER in the video.

12. On or about November 30, 2022, S/A Burns met with the CI in regards to criminal activity at 2008 Floral Ave., Columbus, OH 43223. The CI advised that the CI was at this location and observed COOPER and MCMILLON inside the residence. The CI advised that COOPER was distributing narcotics from the residence.

13. On or about December 1, 2022, CPD Officers were dispatched to the area of 2015 Fairmont Ave., Columbus, OH for a dispute. Officers observed a vehicle parked behind 2008 Floral Ave. leave at a high rate of speed. The vehicle was described as a silver Lexus SUV. CPD Officer Betts observed the vehicle turn north onto Belvidere Ave., approaching W. Broad St. Officer Betts observed multiple traffic violations at the intersection, and initiated a traffic stop on the Lexus SUV (Ohio Tag: JVK-2355) at W. Broad St. and I-70. Officers identified the driver as Gwedolyn MAGBIE. Officers verified that MAGBIE had never had a valid driver's license and that no driving privileges were listed. Officers MAGBIE was arrested for operating a vehicle without a valid license, and advised officers that she had a firearm in her purse, which was determined to be a Taurus pistol. The passenger of the vehicle was identified as Bernard MCMILLON and he was removed from the vehicle. Officers conducted an inventory search of the vehicle and recovered a Glock pistol under the passenger seat of the vehicle where MCMILLON was seated. Officers detained MCMILLON in handcuffs and were aware of his previous convictions qualifying him for Having Weapons Under Disability.

14. On or about January 10, 2023, S/A's Burns and Messner met with the CI regarding the purchase of narcotics from COOPER from 2008 Floral Ave., Columbus, OH 43223. S/A's Burns and Messner equipped the CI with a wire transmitter/video recording device and provided the CI with an amount of pre-recorded Government funds. S/A Burns searched the CI and the CI's vehicle for contraband with negative results. S/A's Burns and Messner followed the CI, driving the CI's vehicle, to the area of 2008 Floral Ave. At approx. 3:31 PM, TFO Collins observed the CI's vehicle arrive in the alley north of Floral Ave., where the CI parked in the rear of the residence. The CI entered the residence at the rear door, remained inside for approx. 4 minutes, and then returned to the CI's vehicle. S/A's Burns and Messner followed the CI from the area and met with the CI. The CI advised that the CI went to 2008 Floral Ave., entered the rear door, and purchased an amount of suspected narcotics from COOPER. The CI advised that COOPER provided the CI with the narcotics and the CI paid COOPER with the Government funds. The CI stated that an additional two (2) unknown females were inside the residence. S/A Burns took possession of the suspected narcotics, which the off-white rock substance field-tested positive for Cocaine. This transaction was video and audio recorded. S/A Burns watched and listened to the narcotics

transaction between the CI and COOPER. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI.

15. On or about January 17, 2023, ATF S/A's Burns and J. Bajus met with the CI in regards to narcotics trafficking at 2008 Floral Ave., Columbus, OH 43223. The CI made a call to COOPER at phone number (614) 264-2982 in regards to the purchase of narcotics. S/A's Burns and Bajus were present for this phone call. The CI advised that COOPER is still selling narcotics at 2008 Floral Ave., Columbus, OH.

16. On this same date, S/A's Burns Bajus drove past the rear of 2008 Floral Ave., Columbus, OH, and S/A Burns observed the Lexus SUV that is registered to MAGBIE and used by MAGBIE and MCMILLON was parked in the rear of the residence.

17. Based on your affiant's training, knowledge and experience in investigating armed drug traffickers, your affiant knows:

   a. That drug traffickers must maintain on hand large amounts of U.S. currency in order to maintain and finance their on-going narcotics business;

   b. That narcotics traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering, sale and distribution of controlled substances. That narcotics traffickers commonly "front" (provide narcotics on consignment) narcotics to their clients; that the aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the traffickers have ready access to them;

   c. That it is common for drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residence and/or businesses for their ready access and to conceal them from law enforcement authorities;

   d. That drug traffickers commonly maintain addresses or telephone numbers in books, papers or on electronic media (computers, cell phones, etc.) which reflect names, addresses and/or telephone numbers of their associates in the drug trafficking organization;

   e. That narcotics traffickers often utilize electronic equipment such as computers and currency counting machines to generate, transfer, count, record and/or store information concerning their drug trafficking activities;

   f. That drug traffickers often take or cause to be taken photographs of them, their associates, their property, and their product. That these traffickers usually maintain in these photographs in their possession;

   g. That based on my training and experience, that drug traffickers commonly have in their possession, that is on their person, at their residences and/or in their vehicles, ammunition and firearms such as pistols, revolvers, shotguns, and rifles, as defined by Title 18 U.S.C.

§ 921. Said firearms are used to protect and secure a drug trafficker's property, including but not limited to, narcotics, jewelry, narcotic paraphernalia, books, records, U.S. currency, etc.

18. Based upon the above information, your affiant believes probable cause exists that now contained within the premises of **2008 Floral Ave., Columbus, OH 43223** are:

   a. Controlled substances, including Fentanyl and Crack Cocaine;

   b. Paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, stamp bags, ink pads and stampers, microwave ovens, heat-sealing devices, and dilutants such as mannitol, mannite, and vitamin B12;

   c. Books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances or reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

   d. Addresses and/or telephone books, rolodex, indices, and papers reflecting names, addresses, telephone numbers, and/or cell phone numbers of co-conspirators and customers;

   e. Safes, money counting machinery, cash, currency, and records relating to controlled substances, income and expenditures of money and wealth, such as money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, stocks, and bonds, as well as precious metals such as gold and silver, and precious gems such as diamonds – (this evidence often is located in a safe); as well as records relating to the sale, purchase and/or lease of automobiles, to include titles for all vehicles, and insurance records for all vehicles;

   f. Documents indicating travel in interstate and foreign commerce such as travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit cards receipts and telephone bills;

   g. Photographs, including still photos, video tapes, slides, films, undeveloped film and the contents therein, in particular photographs of co-conspirators and of assets;

   h. Computers, hard drives, cellular telephones, palm pilots, and/or other electronic media utilized for communication and data saving purposes, as well as documents relating thereto;

   i. Firearms and ammunition, as defined by 18 U.S.C. § 921 and other dangerous weapons; and,

    j.   Identification evidence and/or indicia (such as cancelled mail, deeds, leases, rental agreements, photographs, bills, diaries, keys, and identification documents) which tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises.

Which constitutes evidence of a crime, contraband, fruits of crime, instruments of the crime, and property illegally possessed and intended for use in committing a crime, relating to violations of Title 21 U.S.C. § 841(a) and Title 18 U.S.C. § 924(c).

Jason R. Burns
Special Agent, ATF

January 18, 2023

Sworn to and subscribed before me this _____ day of January 2023 in Columbus, Ohio.

Kimberly A. Jolson
United States Magistrate Judge

7

## ATTACHMENT A

## ITEMS TO BE SEIZED

1. Based upon the above information, your affiant believes probable cause exists that now contained within the premises of 2008 Floral Ave., Columbus, OH 43223 are:

    a. Controlled substances, including Fentanyl and Crack Cocaine;

    b. Paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, stamp bags, ink pads and stampers, microwave ovens, heat-sealing devices, and dilutants such as mannitol, mannite, and vitamin B12;

    c. Books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances or reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

    d. Addresses and/or telephone books, rolodex, indices, and papers reflecting names, addresses, telephone numbers, and/or cell phone numbers of co-conspirators and customers;

    e. Safes, money counting machinery, cash, currency, and records relating to controlled substances, income and expenditures of money and wealth, such as money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, stocks, and bonds, as well as precious metals such as gold and silver, and precious gems such as diamonds – (this evidence often is located in a safe); as well as records relating to the sale, purchase and/or lease of automobiles, to include titles for all vehicles, and insurance records for all vehicles;

    f. Documents indicating travel in interstate and foreign commerce such as travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit cards receipts and telephone bills;

    g. Photographs, including still photos, video tapes, slides, films, undeveloped film and the contents therein, in particular photographs of co-conspirators and of assets;

    h. Computers, hard drives, cellular telephones, palm pilots, and/or other electronic media utilized for communication and data saving purposes, as well as documents relating thereto;

    i. Firearms and ammunition, as defined by 18 U.S.C. § 921 and other dangerous weapons; and,

j.  Identification evidence and/or indicia (such as cancelled mail, deeds, leases, rental agreements, photographs, bills, diaries, keys, and identification documents) which tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises.

Which constitutes evidence of a crime, contraband, fruits of crime, instruments of the crime, and property illegally possessed and intended for use in committing a crime, relating to violations of Title **21** United States Code, Section(s) **841(a)**; and Title **18** United States Code, Section(s) **924(c).**